# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HEALTH FREEDOM DEFENSE
FUND, INC.; ANA CAROLINA
DACA; and SARAH POPE,

               Plaintiffs,

      v.

JOSEPH R. BIDEN, JR., in his official
capacity as President of the United
States; XAVIER BECERRA, in his
official capacity as Secretary of Health
and Human Services; THE
DEPARTMENT OF HEALTH AND
HUMAN SERVICES; THE
CENTERS FOR DISEASE
CONTROL AND PREVENTION;
ROCHELLE P. WALENSKY, MD,
MPH, in her official capacity as
Director of the CDC; MARTIN S.
CETRON, MD, in his official capacity
as Director of the CDC's Division of
Global Migration and Quarantine; and
THE UNITED STATES OF
AMERICA,

               Defendants.

Case No. 8:21-cv-1693-KKM-AEP

## ANSWER

Defendants (Joseph R. Biden, Jr., in his official capacity as President of the

United States; Xavier Becerra, in his official capacity as Secretary of Health and

Human Services; the Department of Health and Human Services; the Centers for

Disease Control and Prevention (CDC); Rochelle P. Walensky, MD, MPH, in her official capacity as Director of the CDC; Martin S. Cetron; in his official capacity as Director of the CDC's Division of Global Migration and Quarantine; and the United States of America) hereby answer Plaintiffs' Complaint as follows:

Defendants answer the individually numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

1. Paragraph 1 consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

2. Paragraph 2 consists of Plaintiffs' characterization of Defendant Joseph R. Biden Jr.'s January 21, 2021 Executive Order on Promoting COVID-19 Safety in Domestic and International Travel (the "Executive Order"), to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

3. Defendants admit that, on January 29, 2021, Defendant CDC issued a Notice and Order entitled "Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs" (the "Transportation Mask Order") without notice and comment under the Administrative Procedure Act ("APA").

4. Paragraph 4 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order,

which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

5. Paragraph 5 consists of Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

6. Paragraph 6 consists of Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

7. Paragraph 7 consists of Plaintiffs' characterization of this lawsuit and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Paragraph 11 consists of Plaintiffs' characterization of the Complaint, to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs' Complaint purports to refer to Plaintiffs Daza and Pope as the "Individual Plaintiffs."

12. Paragraph 12 consists of Plaintiffs' characterization of the Complaint, to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs' Complaint purports to use the term "Plaintiffs" to include Plaintiffs Daza and Pope and Plaintiff Health Freedom Defense Fund.

13. Defendants admit that Joseph R. Biden, Jr., is President of the United States. The remainder of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

14. Paragraph 14 consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

15. Defendants admit that the CDC issued and is implementing the Transportation Mask Order. Defendants further admit that the CDC is a component of HHS.

16. Defendants admit that Xavier Becerra is the Secretary of Health and Human Services. The remainder of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

17. Defendants admit that Rochelle Walensky is the Director of the CDC. The remainder of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

18. Defendants admit that Martin Cetron is Director of the CDC's Division of Global Migration and Quarantine. The remainder of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

19.     Paragraph 19 consists of legal conclusions regarding jurisdiction, to which no response is required.

20.     Paragraph 20 consists of legal conclusions regarding venue, to which no response is required.

21.     Paragraph 21 consists of legal conclusions, to which no response is required.

22.     Admitted.

23.     Paragraph 23 consists of Plaintiffs' characterization of the Executive Order, to which no response is required.  To the extent that a response is deemed required, Defendants admit that the Executive Order contains the quoted text, but deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

24.     Paragraph 24 consists of Plaintiffs' characterization of the Executive Order, to which no response is required.  To the extent that a response is deemed required, Defendants but deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

25.     Defendants admit that the CDC issued the Transportation Mask Order on January 29, 2021, that the Transportation Mask Order was signed by Martin Cetron, and that the Transportation Mask Order took effect at 11:59 p.m. on February 1, 2021.  Defendants deny any remaining allegations in Paragraph 25.

26.    Paragraph 26 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

27.    Denied.

28.    The first sentence of Paragraph 28 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents. The second sentence of Paragraph 28 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

29.    Denied.

30.    Paragraph 30 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

31.    Paragraph 31 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants admit that the Transportation Mask Order contains the quoted

text, but deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

32. Paragraph 32 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents. Defendants deny any remaining allegations in Paragraph 32.

33. Paragraph 33 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents. Defendants deny any remaining allegations in Paragraph 32.

34. The first sentence of Paragraph 34 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents. As to the second sentence of Paragraph 34, Defendants admit that a direct transcontinental U.S. flight may last 5 hours or more, that travelers generally spend additional time in

airports during check-in, security screening, and luggage retrieval, and that connections generally increase travel time. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34.

35. The first sentence of Paragraph 35 consists of argument and legal conclusions to which no response is required. As for the remainder of Paragraph 35 (and footnote 1), Defendants admit that the cited article contains the quoted material, but deny any characterization of that article, which speaks for itself, and respectfully refer the Court to that article for a full and accurate statement of its contents.

36. Paragraph 36 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

37. As to the first sentence of Paragraph 37 (and footnote 2), Defendants deny any characterization of the cited material, which speaks for itself, and respectfully refer the Court to that material for a full and accurate statement of its contents. As to the second sentence of Paragraph 37 (and footnote 3), Defendants deny any characterization of the cited material, which speaks for itself, and respectfully refer the Court to the cited material for a full and accurate statement of its contents; Defendants deny the remainder of the second sentence of Paragraph 38. Defendants deny the third sentence of Paragraph 37.

38.     Defendants deny the first sentence of Paragraph 38.  As to the second sentence of Paragraph 38 (and footnote 4), Defendants deny any characterization of the cited webpage, which speaks for itself, and respectfully refer the Court to that webpage for a full and accurate statement of its contents.

39.     Defendants admit that the U.S. Food and Drug Administration's April 24, 2020 Emergency Use Authorization, attached by the Plaintiffs as Exhibit C to the Complaint, contains the quoted text, but deny any characterization of that document, which speaks for itself, and respectfully refer the Court to that document for a full and accurate statement of its contents.

40.     As to the first sentence of Paragraph 40 (and footnote 6), Defendants deny any characterization of the cited material, which speaks for itself, and respectfully refer the Court to that material for a full and accurate statement of its contents; Defendants deny any remaining allegations in the first sentence of Paragraph 40.  The second sentence of Paragraph 40 consists of argument, to which no response is required; but to the extent a response is deemed required, denied.  The third sentence of Paragraph 40 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required.  To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

41.     Defendants deny the first sentence of Paragraph 41.  As to the second

sentence of Paragraph 41 (and footnote 7), Defendants deny any characterization of the cited material, which speaks for itself, and respectfully refer the Court to that material for a full and accurate statement of its contents; Defendants deny the remainder of the second sentence of Paragraph 41.

42.     Defendants deny any characterization of the material cited in Paragraph 42 (and footnote 8), which speaks for itself, and respectfully refer the Court to that material for a full and accurate statement of its contents.

43.     Defendants admit that the material cited in Paragraph 43 (and footnote 9) contains the quoted text, but deny any characterization of that material, which speaks for itself, and respectfully refer the Court to that material for a full and accurate statement of its contents.

44.     Defendants deny any characterization of the material cited in Paragraph 44 (and footnote 10), which speaks for itself, and respectfully refer the Court to that material for a full and accurate statement of its contents; Defendants deny any remaining allegations in Paragraph 44.

45.     Denied.

46.     Denied.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 47.  As to the second sentence of Paragraph 47, the declarations referred to by Plaintiffs, and attached as Exhibit D to the Complaint, speak for themselves, and Defendants respectfully refer

the Court to those declarations for a full and accurate statement of their contents; Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the second sentence of Paragraph 47. The third sentence of Paragraph 47 consists of legal conclusions, to which no response is required; but to the extent a response is deemed required, denied.

48. Paragraph 48 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Paragraph 51 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

52. Paragraph 52 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

53. Paragraph 53 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

54. Paragraph 54 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

55. Defendants repeat and incorporate by reference their responses to

Paragraph 1 through 54 of the Complaint, as if fully set forth herein.

56.     Paragraph 56 consists of Plaintiffs' characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that the cited statute contains the quoted text, but deny any characterization of that statute, which speaks for itself, and respectfully refer the Court to that statute for a full and accurate statement of its contents.

57.     Paragraph 57 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required.  To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

58.     Denied.

59.     Paragraph 59 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

60.     The first sentence of Paragraph 60 consists of Plaintiffs' characterization of a statute and regulation, to which no response is required.  To the extent a response is deemed necessary, Defendants admit that the cited regulation contains the quoted text, but deny any characterization of those provisions, which speak for themselves, and respectfully refer the Court to those provisions for a full and accurate statement of their contents.  Defendants deny the second sentence of Paragraph 60.  The third sentence of Paragraph 60 consists of Plaintiffs characterization of, and legal

12

conclusions regarding, the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants admit that the Transportation Mask Order contains the quoted text, but deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents.

61. Denied.

62. The first and last sentences of Paragraph 62 are denied. The remainder of Paragraph 62 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that the cited authorities contain the quoted text, but deny any characterization of the cited authorities, which speak for themselves, and respectfully refer the Court to those authorities for a full and complete statement of their contents.

63. The first sentence of Paragraph 63 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied. The remainder of Paragraph 63 consists of Plaintiffs' characterization of a regulation, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that the cited regulation contains the quoted text, but deny any characterization of that regulation, which speaks for itself, and respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents.

64. Paragraph 64 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied except to admit that the cited regulations contain the quoted text. Defendants respectfully refer the Court to those regulations for a full and accurate statement of their contents.

65. The first sentence of Paragraph 65 consists of Plaintiffs' characterization of a regulation, to which no response is required; but to the extent a response is deemed necessary, denied. Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents. The second and third sentences of Paragraph 65 consist of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

66. Defendants repeat and incorporate by reference their responses to Paragraph 1 through 65 of the Complaint, as if fully set forth herein.

67. Paragraph 67 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

68. The first sentence of Paragraph 68 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents, and deny the allegation the Transportation Mask Order did not cite the "good cause" exception, *see* 86 Fed. Reg. at 8030 ("In the event that a court determines this Order

qualifies as a rule under the APA, notice and comment and a delay in effective date are not required because there is good cause to dispense with prior public notice and comment and the opportunity to comment on this Order and the delay in effective date."). With respect to the second sentence, Defendants admit that the Transportation Mask Order was issued without notice and comment.

69. Paragraph 69 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

70. Paragraph 70 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied. Defendants separately aver that the Transportation Mask Order explicitly invoked the "good cause" exception. *See* 86 Fed. Reg. at 8030 ("In the event that a court determines this Order qualifies as a rule under the APA, notice and comment and a delay in effective date are not required because there is good cause to dispense with prior public notice and comment and the opportunity to comment on this Order and the delay in effective date.")

71. The first sentence of Paragraph 71 consist of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied. As to the second sentence of Paragraph 71, Defendants admit that Defendant HHS first declared in January 2020 that a public health emergency existed as a result of COVID-19; Defendants further admit that the Transportation Mask Order was issued on January 29, 2021. Defendants deny any remaining allegations

in the second sentence of Paragraph 71. Defendants deny the third sentence of Paragraph 71. The fourth sentence of Paragraph 71 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

72. Defendants repeat and incorporate by reference their responses to Paragraph 1 through 71 of the Complaint, as if fully set forth herein.

73. Paragraph 73 consists of Plaintiffs' characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that the cited statute contains the quoted text, but deny any characterization of that statute, which speaks for itself, and respectfully refer the Court to that statute for a full and accurate statement of its contents.

74. Paragraph 74 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

75. The first sentence of Paragraph 75 consists of Plaintiffs' characterization of a judicial decision, to which no response is required. To the extent a response is deemed necessary, Defendants admit that the cited decision contains the quoted text, but deny any characterization of that decision, which speaks for itself, and respectfully refer the Court to that decision for a full and complete statement of its contents. The second sentence of Paragraph 75 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

76. Paragraph 76 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants admit that the Transportation Mask Order contains the quoted text, but deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents, and deny any remaining allegations.

77. Paragraph 77 consists of Plaintiffs' characterization of the Transportation Mask Order, to which no response is required. To the extent that a response is deemed required, Defendants deny any characterization of the Transportation Mask Order, which speaks for itself, and respectfully refer the Court to the Transportation Mask Order for a full and accurate statement of its contents, and deny any remaining allegations.

78. The first sentence of Paragraph 78 consist of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied. The second sentence of Paragraph 78 consist of Plaintiffs' characterization of regulations, to which no response is required; but to the extent a response is deemed necessary, denied except to admit that the cited regulations contain the quoted phrase. Defendant respectfully refers the Court to the cited regulations for a full and accurate statement of their contents.

79. Defendants repeat and incorporate by reference their responses to

Paragraph 1 through 78 of the Complaint, as if fully set forth herein.

80.     Paragraph 80 consists of Plaintiffs' characterization of Article I, Section 1 of the U.S. Constitution, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that Article I, Section 1 of the U.S. Constitution contains the quoted text, but deny any characterization of that provision, which speaks for itself, and respectfully refer the Court to that provision for a full and accurate statement of its contents.

81.     Paragraph 81 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

82.     Defendants repeat and incorporate by reference their responses to Paragraph 1 through 81 of the Complaint, as if fully set forth herein.

83.     Paragraph 83 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

84.     The first sentence of Paragraph 84 consists of Plaintiffs' characterization of the Executive Order, to which no response is required.  To the extent that a response is deemed required, Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents, and deny the remaining allegations in the first sentence of Paragraph 84.  Defendants deny the second sentence of Paragraph 84.  As to the third sentence of Paragraph 84, Defendants admit that the COVID-19 pandemic has been a declared public health emergency in the United

States since January 2020, and deny any remaining allegations.

85.     Defendants admit that Congress did not enact legislation requiring the wearing of masks on public conveyances during the year that preceded January 21, 2021.  The remainder of Paragraph 85 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

86.     The first sentence of Paragraph 86 consists of argument and legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 8.

87.     Paragraph 87 consists of Plaintiffs' characterization of the Executive Order, to which no response is required.  To the extent that a response is deemed required, Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents.

88.     Defendants repeat and incorporate by reference its responses to Paragraph 1 through 87 of the Complaint, as if fully set forth herein.

89.     Paragraph 89 consists of Plaintiffs' characterization of the Tenth Amendment to the U.S. Constitution, to which no response is required; but to the extent a response is deemed necessary, Defendants admit the Tenth Amendment contains the quoted text, but deny any characterization of that provision, which

speaks for itself, and respectfully refer the Court to that provision for a complete and accurate statement of its contents.

90.     Paragraph 90 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

91.     Paragraph 91 consist of Plaintiffs' characterization of the Executive Order, to which no response is required.  To the extent that a response is deemed required, Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Executive Order for a full and accurate statement of its contents, and deny the remaining allegations.

92.     Paragraph 92 consists of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, denied.

The remainder of the Complaint sets forth Plaintiffs' prayer for relief, to which no answer is required, but to the extent a response is deemed necessary, denied.

Defendants hereby deny all allegations in Plaintiffs' Complaint not expressly admitted or denied.

Dated: October 13, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

KARIN HOPPMANN
Acting United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By: */s/ Stephen M. Pezzi*
STEPHEN M. PEZZI
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*