# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO. 8:21-cv-1693-KKM-AEP

HEALTH FREEDOM DEFENSE FUND, INC., a Wyoming Not-for-Profit Corporation, ANA CAROLINA DAZA, and SARAH POPE, individuals,

    Plaintiffs,

vs.

JOSEPH R. BIDEN, JR., President of the United States; XAVIER BECERRA, Secretary of Health and Human Services, in his official capacity; THE DEPARTMENT OF HEALTH AND HUMAN SERVICES; THE CENTERS FOR DISEASE CONTROL; ROCHELLE P. WALENSKY, MD, MPH, Director of the Centers for Disease Control and Prevention, in her official capacity; and MARTIN S. CETRON, MD, Director, Division of Global Migration and Quarantine, Centers for Disease Control and Prevention, in his official capacity; The UNITED STATES OF AMERICA,

    Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER UNDER LOCAL RULE 1.07(a)(2)(B) [DE 19]

Plaintiffs, Health Freedom Defense Fund, Inc. ("HFDF"), Ana Carolina Daza, and Sarah Pope, by and through their undersigned counsel, hereby respond to Defendants' Motion to Transfer Under Local Rule 1.07(a)(2)(B), and state:

## I. INTRODUCTION

Keeping this case before the presiding Judge does not raise any "probability of inefficiency or inconsistency" as contemplated by Local Rule 1.07(a)(2)(B). While *Wall v. CDC, et al,* No. 6:21-cv-00975-PGB-DCI (M.D. Fla.) ("*Wall*") raises some overlapping legal issues, the cases are in fact very different. In that case, *pro se* plaintiff Lucas Wall's lengthy complaint brings claims not only against agencies that are not parties hereto, but raises extensive factual allegations and causes of action that make it clearly distinguishable from this case.

Perhaps most notable among the 1,085 paragraphs of allegations raised by Mr. Wall is his reliance on vaccination status as a material consideration in determining who should be required to wear a mask on a public conveyance. Plaintiffs have raised no such argument, nor do they deem vaccination status as being material.

As well, even after 170 docket entries, *Wall* remains far from having an operative complaint. One can only speculate as to whether and when that case will have a closed set of pleadings. But as things currently stand, that might not occur until early 2022.

By contrast, Defendants hereto have answered the Complaint, and this case is poised to go forward on the merits. Transferring this case would therefore not serve the cause of either efficiency or consistency. As well, Plaintiffs are concerned

that being tied to *Wall* will cause them undue prejudice, especially if the cases are consolidated.

Plaintiffs therefore ask that the Motion to Transfer be denied.

## II.     FACTS

### A.     This Case:

The Complaint in this case largely tracks the claims and legal issues raised in *State of Florida v. Becerra, et al*, Case No. 8:21-cv-839 (M.D. Fla.) (Merryday, D.J.). In that case, the Hon. Judge Steven Merryday found that the CDC exceeded its authority under 42 U.S.C. § 264(a) or, alternatively, if the CDC did not exceed its statutory authority, then § 264(a) is likely an unconstitutional delegation of legislative power, and that the State of Florida is likely to prevail on at least one of its claims under the Administrative Procedure Act (the "APA"). *See* Case No. 8:21-cv-839 at DE-91, 2021 U.S. Dist. LEXIS 114297 (M.D. Fla. June 18, 2021).

Judge Merryday conducted a detailed examination of the history of the federal government's quarantine powers and of the Public Health Service Act, as well as an analysis of the scope of legislative authority conferred by § 264, ultimately finding that the CDC's directives to the cruise industry exceeded its authority under that statute. *See* 2021 U.S. Dist. LEXIS 114297 at *31-77. Judge Merryday further determined that, if § 264(a) did indeed confer the powers claimed by the CDC, then the statute violates the non-delegation doctrine. *Id*. at *80-109. He went

on to determine that, while it might be a close question as to whether the CDC's Conditional Sail Order (which effectively prevented the cruise lines from operating) was arbitrary and capricious, it did appear to violate the notice and comment requirements of the APA.  *Id*. at *109-132.

Plaintiffs here seek a declaratory judgment that would, in part, extend Judge Merryday's reasoning in *State of Florida* to the CDC's "Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs," 86 Fed. Reg. 8025 (the "Mask Mandate").  Like the State of Florida, Plaintiffs here allege, *inter alia*, that by enacting the Mask Mandate Defendants exceeded their statutory authority under § 264(a) (Count I), or alternatively that § 264(a) is an unconstitutional delegation of legislative authority (Count IV), and/or that Defendants have violated the APA (Counts I-III).[1]  Plaintiffs would urge that Judge Merryday's well-reasoned opinion in *State of Florida* provides the correct analytical framework by which to assess their claims.

While Judge Merryday's opinion is not binding on this Court, it seems likely to be affirmed on appeal.  The 11th Circuit initially granted Defendants' request for a stay pending appeal, but then *sua sponte* vacated that order and denied Defendants' request for a stay pending appeal.  *See* USCA11 Case No. 21-12243,

---

[1]  Contrary to Defendants' assertion, Plaintiffs have not at this time sought an injunction, although they reserve the right to do so.  *See* Complaint at 27, Prayer for Relief.

Order dated July 23, 2021.  The panel unanimously ruled that Defendants "failed to demonstrate an entitlement to a stay pending appeal." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (holding that the requirements for seeking a stay pending appeal are essentially the same as the elements for a preliminary injunction)).

Meanwhile, Defendants in this case have answered the Complaint [DE 20], and the parties are discussing a briefing schedule to submit to the Court on November 10, 2021.  Thus, with a well-reasoned analytical framework already in place, this case is ready to proceed to the merits.

**B.** **The *Wall* Case:**

In *Wall*, *pro se* litigant Lucas Wall filed a 23-count complaint consisting of 205 pages and 1,085 numbered paragraphs.  In addition to the parties sued in this case, *Wall's* defendants include the Greater Orlando Aviation Authority ("GOAA"), the Central Florida Regional Transportation Authority ("LYNX"), and the federal Transportation Security Administration ("TSA").

The factual underpinnings of Mr. Wall's claims are distinct from this case. Essentially, Mr. Wall alleges, *inter alia*, that he is fully vaccinated, that he booked several flights for the summer of 2021, and that he submitted a request for a medical exemption to wearing a mask to Southwest Airlines, based on an alleged disability.  He alleges that, despite his vaccination status, and despite the fact that he sought a medical exemption, TSA and Southwest Airlines refused to allow him

to board his flight. *See Wall* Cmplt. at ¶¶1-80.

Significantly, Mr. Wall raises vaccines, vaccination status, and vaccination uptake rates as material considerations in masking policies. The words, "vaccine," "vaccines," "vaccination," and "vaccinated" appear no less than 180 times in Mr. Wall's complaint. He specifically alleges that his status as being fully vaccinated should have been taken into account when he was denied entry to the airport terminal and denied boarding. *See Wall* Cmplt. at, *inter alia*, ¶¶16, 19, 39, 46, 55, 69, and 82. Throughout his complaint, he argues that fully vaccinated passengers should not be required to wear masks.

To say that Mr. Wall has been a tenacious litigant would be an understatement. As of this writing, the docket in that case stands at 170 entries. However, unlike here, *Wall* is nowhere near being positioned for a resolution on the merits; at least, not as to any of the claims that overlap this case.

The latest series of salvos arises from the magistrate judge's Report and Recommendation ("R&R") that the Complaint be dismissed without prejudice as a shotgun pleading, except that the claims against DHS, TSA, and DOT be dismissed without leave to refile in the district court, and that Defendants President of the United States, GOAA, and LYNX be dismissed with prejudice. *Wall* at DE 155. The magistrate judge recommended that Mr. Wall's motion for summary judgment be denied as moot. *Id*.

Mr. Wall recently lodged a 55-page series of objections to the R&R. *Id*. at DE 162. The federal government defendants moved to strike Mr. Wall's objections as failing to comply with the pages limit for briefs under Local Rule 3.01(a). *Id*. at DE 163. Mr. Wall filed an opposition to that motion. *Id*. at DE 164.

Having not obtained a ruling on their motion to strike, the defendants filed their responses to Mr. Wall's objections on November 4, 2021. DE 165-67. However, on that same day the district court granted the federal defendants' motion to strike, granting Mr. Wall leave to file amended objections to the R&R. DE 168. "The Court reiterates that Plaintiff's claims will receive due attention," Judge Byron noted, "but the Court has a large docket and cannot be reasonably expected to devote itself solely to this case." *Id.* Mr. Wall has until November 19, 2021 to file his amended objections. DE 170.

As a result, *Wall* remains several steps removed from even having an operative complaint, let alone being positioned for a ruling on the merits. One can only speculate as to whether and when Mr. Wall will file a viable complaint, and what that complaint will look like.

## III. ARGUMENT

### A. A Decision on Whether to Transfer Is Wholly Discretionary.

"If actions before different judges present the probability of inefficiency or inconsistency, a party *may* move to transfer a later-filed action to the judge

7

assigned to the first-filed action." Local Rule 1.07(a)(2)(B) (emphasis added). "The term 'may' is permissive; it neither indicates nor requires an exclusive means of action -- it is discretionary." *FDIC v. LaCentra Trucking, Inc.*, 157 F.3d 1292, 1302 (11th Cir. 1998) (quoting *Whatley v. Resolution Trust Corp.*, 32 F.3d 905, 909 (5th Cir. 1994)). As well, the proposed transferor judge "can transfer the action only with the consent of the transferee judge." L.R. 1.07(a)(2)(B). This further demonstrates that the standard is entirely permissive and within the sole discretion of both the transferor and transferee judges.

### B. Keeping the Case Before the Current Presiding Judge Does Not Risk Inefficiency or Inconsistency.

At present, at least in the opinion of the magistrate judge, Mr. Wall has yet to file a viable pleading. Indeed, given the court's order granting the government's motion to strike, *Wall* at DE 168, Mr. Wall has yet to even present a procedurally viable challenge to the magistrate's R&R.

If, as seems likely to the undersigned, Judge Byron ultimately upholds the R&R (at least in part), Mr. Wall will have to file an amended complaint. If, after Mr. Wall amends his complaint, the court again finds that Mr. Wall has violated Rule 8, the process will begin anew. *See, e.g., Isaac v. United States, et al*, 809 Fed. Appx. 595, 2020 U.S. App. LEXIS 11683 (11th Cir. 2020). Any way you slice it, *Wall* is several steps removed from being ready to proceed on the merits.

Setting aside *Wall's* procedural posture, Mr. Wall's complaint, such as it is, also presents a very different case from this one. The cases share no common nexus of operative fact, other than the facts of Defendant CDC's Mask Mandate and Defendant Biden's Executive Order. Indeed, at 1,085 numbered paragraphs, the factual allegations in *Wall* are, to say the least, considerably more extensive.

Mr. Wall's legal claims have some overlap with this case, but otherwise go well beyond what Plaintiffs here have raised. First, he raises separate claims against defendants who are not parties to this case. *See Wall*, Counts 9, 11, 12, 15, 17, and 18. Granted, the magistrate judge has recommended dismissal with prejudice as to those defendants (TSA, DHS, DOT, GOAA, and LYNX). However, the magistrate judge also recommends that Mr. Wall be given leave to amend other claims, against Defendants CDC, HHS, and their directors, based on facts and legal theories that have not been raised in this case: Violation of the 10th Amendment (Count 6); Violation of the 5th Amendment (Count 7); Violation of the constitutional right to travel (Count 8); Violation of the Air Carrier Access Act (Count 14); Violation of the APA regarding the CDC's "International Traveler Testing Requirement" ("ITTR") (Counts 19, 21, 22); and Violation of separation of powers respecting the ITTR (Count 23).[2]

---

[2] Mr. Wall agreed to dismiss his claims under the Regulatory Flexibility Act, Counts 2, 10, 13, 16, and 20. *Wall*, DE 126.

Even where the cases overlap as to the claims and parties, Mr. Wall raises vaccination status as a material consideration as to whether one should be required to wear a mask. By contrast, Plaintiffs here have not raised vaccination status at all, let alone as a material consideration in determining who should be required to wear a mask on a public conveyance.

Contrary to Defendants' assertion, Mot. at ¶20, Plaintiffs have not requested a nationwide injunction. In fact, while Plaintiffs reserve the right to seek injunctive relief, they have not, at this time, requested an injunction at all.[3] Plaintiffs simply ask for a declaratory judgment, *vis a vis* the Mask Mandate. Defendants' portrait of a scenario in which two courts in this Division issue conflicting, nationwide injunctions is simply neither here nor there.

Thus, while some of the issues raised in this case and *Wall* are facially similar, the cases are not the same. Even if they result in different outcomes, they are clearly distinguishable. Because of that, and especially given Mr. Wall's allegations of vaccination status as a material consideration, the risk of inconsistent or contradictory rulings is minimal.

C.     **Plaintiffs' Choice of Venue Is Entitled to Deference.**

Defendants acknowledge that, at least in the context of a motion to transfer

---

[3]     A heading on page 14 of the Complaint refers to injunctive relief. This was a scrivenor's error.

venue under 28 U.S.C. § 1404, "courts often show at least some deference to the plaintiff's chosen forum," while also suggesting that "plaintiff's preference is not dispositive. Mot. at ¶21. Perhaps, as Defendants suggest, Local Rule 1.07(a)(2)(B) does not incorporate § 1404's presumption in favor of a plaintiff's chosen forum. But since Defendants brought it up, Plaintiffs feel obligated to address the point.

Section 1404 constitutes "the statutory codification of the common law doctrine of *forum non conveniens*." *Brown v. Ramsay*, Case No. 18-cv-10279, 2019 U.S. Dist. LEXIS 228698, *3 (S.D. Fla. August 26, 2019) (quoting *Thermal Technologies, Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003)). In *Brown*, the court considered a motion to transfer a case from the Miami Division to the Key West Division of the Southern District under § 1404(a). Even though it was, like here, a motion for an intra-district transfer, the court noted that "[t]he greater the plaintiff's connection to the forum that he or she has chosen, the more deference the plaintiff's chosen venue will receive." 2019 U.S. Dist. LEXIS 228698 at *3. Given this deference, a defendant "bears the burden of persuading a court that transfer is appropriate. . . ." *Id*. at *4.

Defendants' citation to *Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332 (M.D. Fla. 2002) (Mot. at ¶21) is misplaced. In that case, the court found that the defendant had no connections to Florida at all, and that the relative burdens analysis favored transfer to the Western District of Michigan, where the

11

defendant was based. 189 F. Supp. 2d at 1339-40. Here, there is no reason to believe that Defendants are more burdened by litigating in Tampa than they are in Orlando.

The decision in *White v. ABCO Eng'g Corp.*, 199 F.3d 140 (3d Cir. 1999) (cited in Mot. at ¶21) is likewise inapt. In that case, the Third Circuit ruled that a venue transfer pursuant to 28 U.S.C. § 1404(a) could not be carried out by stipulation. 199 F.3d at 142-44. In *dicta*, the court pointed out that the intra-district standard of § 1404(b), which allows transfer by "consent or stipulation of the parties," is "much less cumbersome than its inter-district counterpart." *Id*. at 143-44. But Plaintiffs in this case have obviously neither stipulated nor consented to an intra-district transfer. Defendants' argument in this respect also contradicts *Brown, supra*, wherein a judge of the Southern District noted that deference to the plaintiff's choice of venue is warranted even on a motion for *intra-district* transfer. *See Brown*, 2019 U.S. Dist. LEXIS 228698 at *3.[4]

Here, while Plaintiff HFDF is an out-of-state, not-for-profit corporation, Plaintiffs Daza and Pope reside in Pinellas and Hillsborough Counties, both of

---

[4] As well, the language of § 1404(b), like that of Local Rule 1.07(a)(2)(B) and § 1404(a), clearly provides that the standard for intra-district transfer is wholly discretionary. *See Reyes v. JA & M Dev. Corp.*, Case No. 12-cv-61329, 2012 U.S. Dist. LEXIS 116324, *9 (S.D. Fla. August 17, 2012) (noting that "[i]ntradistrict transfers [under § 1404(b)] are permissive."). In other words, neither the local rule nor § 1404 mandates transfer. *See also Brown*, 2019 U.S. Dist. LEXIS 228698 at *3 (noting that courts have discretion under § 1404(a)).

which are in the Tampa Division.[5]  And while HFDF's choice of venue is entitled to "less deference," *Brown, supra* at *3-4, that does not mean that it is entitled to zero deference.  Accordingly, Plaintiffs' choice of venue in the Tampa Division is entitled to at least some degree of deference under the § 1404 analysis.

### D. Plaintiffs Are Concerned That Being Tied to *Wall* Could Prejudice Their Case.

Defendants apparently have in mind that this case should be consolidated with *Wall*.  *See* Mot. at ¶23.  However, given the procedural history of *Wall*, Plaintiffs fear that any such consolidation would hobble their ability to move their case forward.  A mere glance at the two dockets reveals that consolidation would also be administratively unworkable.

Plaintiffs also have serious concerns about being associated with Mr. Wall's conduct towards the court.  His tactics have repeatedly tried the court's patience.  For example, early in the case, the magistrate judge cautioned Mr. Wall "against the unwarranted designation of a motion as an emergency."  *Wall* at DE 3.  Mr. Wall nevertheless proceeded to designate his next motion as an "emergency." *Id.* at DE 8.  After the court struck his "emergency" motion for preliminary injunction for failing to comply with the local rules, DE 55, Mr. Wall filed an "emergency"

---

[5] Although the undersigned resides in Miami, he is from St. Petersburg and still visits there regularly to stay with family.  The undersigned has no connections to Orlando.

motion to vacate that order. DE 56. The court denied that motion, and warned Mr. Wall that "the next unwarranted designation of a filing as an 'emergency' in violation of the Local Rules will result in this Court holding him in civil contempt." DE 67 (emphasis added).

Mr. Wall has done more than try the court's patience; in various filings, he has impugned the integrity of the court, especially that of the magistrate judge. *See* Wall at DE 61 (seeking to disqualify the magistrate judge). In his most recent objections to the R&R, Mr. Wall repeatedly impugns the integrity, and frankly, the intelligence, of the magistrate judge. *See Wall*, DE 162 at 7 (accusing the magistrate judge of "ignorance regarding" Mr. Wall's medical condition); 8 (accusing the magistrate judge of "spilled ink" in the R&R); 10 (arguing that the court "must overrule the magistrate's attempt to have his cake and eat it too," and that "[t]he only person involved in this case who seems confused about the claims is the magistrate."). These and other comments in Mr. Wall's filings suggest that he regards the court as an adversary. Plaintiffs are concerned that having their case associated with this sort of behavior might cause them undue prejudice.

## CONCLUSION

Base on the foregoing, Plaintiffs ask that Defendants' Motion to Transfer [DE 19] be DENIED.

Filed this 8th day of November, 2021.

HADAWAY, PLLC
2425 Lincoln Ave.
Miami, FL 33133
Tel: (305) 389-0336

*/s/ Brant C. Hadaway*
Brant C. Hadaway, B.C.S.
Florida Bar No. 494690
Email: bhadaway@davillierlawgroup.com

and

*/s/ George R. Wentz, Jr.*
George R. Wentz, Jr.
*Pro Hac Vice*
Louisiana Bar No. 02180
The Davillier Law Group, LLC
935 Gravier Street, Suite 1702
New Orleans, Louisiana 70112
Email: gwentz@davillierlawgroup.com
Tel: (504) 582-6998

*Attorneys for Plaintiffs*